**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James WALKER, a/k/a Gregory Glenn**
**Harrell, Defendant–Appellant.**

No. 93–4690.

United States Court of Appeals,
Eleventh Circuit.

July 31, 1995.

Mary R. Barzee, Asst. Federal Public Defender, Miami, FL, for appellant.

Roberto Martinez, U.S. Atty., Robert K. Senior, Linda Collins Hertz, Carol Herman, Asst. U.S. Attys., Miami, FL, for appellee.

Before KRAVITCH and EDMONDSON, Circuit Judges, and EISELE*, Senior District Judge.

EISELE, Senior District Judge:

A jury found appellant James Walker guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 924(e)(1) (Count I); possession of a firearm in a school zone, in violation of 18 U.S.C. § 922(q)(1)(A) and 924(a)(4) (Count II); possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count III); and distribution of cocaine base, in violation of 21 U.S.C. §§ 841(e)(1) and 841(b)(1)(C) (Count IV). Because of Walker's prior convictions, his sentence was enhanced on the basis of the Armed Career Criminal Act, 18 U.S.C. § 924(e). Walker received a sentence of 276 months imprisonment.[1] He appeals his convictions and sentence.

Walker challenges the constitutionality of the statute under which he was convicted of possessing a weapon within 1000 feet of a school zone, 18 U.S.C. § 922(q)(1)(A). Walker also challenges the exclusion of certain evidence at trial and the trial court's failure to allow him to challenge the constitutionality of one of his prior criminal convictions during his sentencing proceedings. Based on the Supreme Court's recent declaration in *United States v. Lopez,* —— U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), we reverse Walker's conviction for possession of a weapon in a school zone and vacate the six month sentence he received therefor. Otherwise, we affirm.

We address each of appellant's arguments separately.

---

* Honorable G. Thomas Eisele, Senior U.S. District Judge for the Eastern District of Arkansas, sitting by designation.

1. Walker was sentenced to 120 months on Count I and 210 months on Count IV, to be served concurrently, to a six-month consecutive sentence on Count II, and a sixty-month consecutive sentence on Count III.

**1198**

## I.

■ In the Gun–Free School Zones Act of 1990, Congress declared it a federal offense "for any individual knowingly to possess a firearm at a place that the individual knows, or has reasonable cause to believe, is a school zone." 18 U.S.C. § 922(q)(1)(A). Because the Act "neither regulates a commercial activity nor contains a requirement that the possession be connected in any way to interstate commerce," the Supreme Court held that in enacting the provision Congress exceeded its power to regulate interstate commerce. *Lopez,* —— U.S. at ——, 115 S.Ct. at 1626.

■ Walker challenges the constitutionality of 18 U.S.C. § 922(q)(1)(A) for the first time on appeal. The government argues that because Walker failed to attack the statute's constitutionality in the trial court, he has waived the issue. We disagree. As a general rule, a party must timely object at trial to preserve an issue for appeal. Fed.R.Cr.P. 30. Pursuant to Federal Rule of Criminal Procedure 52(b), however, we review issues not preserved below for plain error. *See, e.g., United States v. Olano,* —— U.S. ——, ——, 113 S.Ct. 1770, 1778–79, 123 L.Ed.2d 508 (1993) (appellate court should conduct plain error review under Rule 52(b) "in those cases where a miscarriage of justice would otherwise result").

We can think of no plainer error than to allow a conviction to stand under a statute which Congress was without power to enact. In essence, the statute was void *ab initio,* and consequently, the district court below lacked subject matter jurisdiction with respect to that charge. Accordingly, we reverse Walker's conviction under 18 U.S.C. § 922(q)(1)(A) and vacate the six month sentence imposed pursuant to that conviction.

## II.

■ Appellant claims that the trial court improperly excluded evidence that was necessary to his defense. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Freyre–Lazaro,* 3 F.3d 1496, 1505 (11th Cir.1993). We find no error.

■ First, appellant contends that the district court erred in excluding the testimony of ATF Agent Higgins to the effect that Walker had refused to allow himself to be fingerprinted when Agent Higgins visited him in jail two weeks prior to trial. The district court rejected Walker's argument that the information was relevant to show that he was not the sort of person who would assist the police in their investigation, and, hence, to support his claim that on the night he was arrested he did not confess to Agent Arroyo that "the gun is mine but not the drugs." We agree with the district court's reasoning that there was no logical connection between Walker's refusal to allow his fingerprints to be taken a year after his arrest and the issue whether Walker made a voluntary statement on the night of his arrest. Moreover, that information would more likely have been prejudicial to the appellant, since the more logical inference to be drawn therefrom would point to appellant's guilt. This is so because most people would expect that an innocent person would voluntarily give his fingerprints to help vindicate himself.

■ Second, Walker argues that the district court improperly prevented him from introducing, through Walker's own testimony, an alleged statement made by a man identified only as "Jeffrey" concerning Jeffrey's participation in the crime for which Walker was arrested. Although Walker failed to make a proffer, he argues in his brief that Jeffrey's statements would have placed Jeffrey at the scene and would have indicated that Jeffrey successfully avoided being captured by the police on the night of Walker's arrest. This evidence, Walker argues, would have supported his own testimony that he was purchasing drugs from Jeffrey, rather than selling drugs, on the night of his arrest.

Appellant argues that Jeffrey's out-of-court statement qualifies as a hearsay exception under Fed.R.Evid. 804(b)(3), which allows statements against a declarant's penal interest to be admitted in certain situations. The district court properly rejected this evidence.

Under Fed.R.Evid. 804(b)(3), statements that would otherwise be inadmissible as hearsay may be admitted if: (1) the declarant is unavailable; (2) the statement is against the declarant's penal interest; and (3) corroborating circumstances clearly indicate the trustworthiness of the statement. *United States v. Gossett,* 877 F.2d 901, 906 (11th Cir.1989), *cert. denied,* 493 U.S. 1082, 110 S.Ct. 1141, 107 L.Ed.2d 1045 (1990). Walker made no effort to show that Jeffrey was unavailable. Furthermore, Walker failed to proffer any evidence to corroborate Jeffrey's statements. In addition, Jeffrey's statements, as allegedly told to Walker, were inherently untrustworthy, as Walker had every motive to fabricate the story to corroborate his own defense. *See United States v. Hendrieth,* 922 F.2d 748, 750 (11th Cir.1991) (court may consider in-court witness' motive to misrepresent the matter). We affirm the district court's exclusion of this evidence as inadmissible hearsay.

### III.

In his final point on appeal, appellant argues that the district court erred in refusing to allow him to challenge the constitutionality of two prior state convictions which served as the basis for his sentencing enhancement as a habitual offender under the Armed Career Criminal Act, 18 U.S.C. § 924(e). At sentencing, the district court refused appellant's attempt to challenge two prior convictions, both the result of *nolo* pleas during which appellant was represented by counsel, solely on the ground that the pleas were not knowingly and voluntarily obtained. Appellant's argument on this point has been specifically foreclosed by the Supreme Court's recent opinion in *Custis v. United States,* — U.S. —, 114 S.Ct. 1732, 128 L.Ed.2d 517 (1994). In *Custis,* the Court held that, with the sole exception of a conviction obtained in violation of the Sixth Amendment right to counsel, a defendant is precluded from collaterally attacking the constitutionality of prior state court convictions used to enhance his sentence as a habitual offender under 18 U.S.C. § 924(e)(1). *Id.* Accordingly, we affirm the district court on this issue.

*Conclusion*

Appellant's conviction for possession of a firearm in a school zone pursuant to 18 U.S.C. § 922(q)(1)(A) is hereby REVERSED and his corresponding six-month sentence for violation of that statute is VACATED. On each and every remaining issue, we affirm.

We REMAND solely for vacation of Walker's conviction on Count II and for an adjustment of his sentence in accordance with this opinion.