[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-12044
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 28, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-00075-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROLAND WILLIS FREDERICK MARPOE, II,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 28, 2005)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Roland Willis Frederick Marpoe, II, appeals his conviction for conspiracy to manufacture and possess with intent to distribute 100 or more marijuana plants, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B). On appeal, Marpoe argues that § 841 is facially unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), and its progeny. He contends that, prior to the Supreme Court's decisions in *Jones v. United States*, 526 U.S. 227, 119 S. Ct. 1215, 143 L. Ed. 2d 311 (1999), *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and *Apprendi*, we considered the provisions in § 841(b) to be sentencing factors and not elements of the offense. He argues that our approach in *United States v. Sanchez*, 269 F.3d 1250 (11th Cir. 2001) (*en banc*), *abrogated in part*, *United States v. Duncan*, 400 F.3d 1297, 1308 (11th Cir. 2005), where we limited the scope of *Apprendi* to when judge-decided facts increase a sentence above the statutory maximum, would not survive a constitutional challenge, and contends that it is unclear whether, under *Sanchez*, § 841(b) contains elements or sentencing factors. He further argues that, in light of *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362-63, which held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," there are only three ways to preserve the constitutionality of §

2

841: (1) sever the unconstitutional section - § 841(b); (2) reinterpet the § 841(b) factors as elements of the offense; or (3) declare § 841 and § 846 unconstitutional in their entirety. Marpoe argues that only the third option is appropriate, and therefore, his conviction should be reversed.

Ordinarily, we review constitutional issues *de novo*. *United States v. Wright*, 392 F.3d 1269, 1280 (11th Cir. 2004), *cert. denied*, 125 S. Ct. 1751 (2005). However, because Marpoe did not assert his constitutional claim in the district court, it is within our discretion whether to address the issue. *Id*. Where a defendant fails to raise his constitutional claim in the district court, we review his claim only for plain error. *United States v. Walker*, 59 F.3d 1196, 1198 (11th Cir. 1995).

In *United States v. Tinoco*, 304 F.3d 1088, 1098-99 (11th Cir. 2002), we relied on *Sanchez* in rejecting a facial challenge to 21 U.S.C. § 960 similar to the one that Marpoe now makes to § 841. In *Sanchez*, we held that § 841 "is impacted by *Apprendi* but only to the limited extent that judge-decided facts actually increase a defendant's sentence above the prescribed statutory maximum." 269 F.3d at 1268. As a result of *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738, 756, 160 L. Ed. 2d 621 (2005), the requirements for a successful *Apprendi* facial challenge have changed since *Sanchez* and *Tinoco*, but Marpoe still must satisfy

3

the requirements as they exist currently. Therefore, in the words of *Booker*, *Sanchez* now stands for the proposition that *Apprendi* does not apply where a defendant's actual sentence falls within the range "authorized by the facts established by a plea of guilty . . . [which] must be admitted by the defendant." *See Booker*, 543 U.S. at ___, 125 S.Ct. at 756; *Sanchez*, 269 F.3d at 1268.

In this case, Marpoe's sentence fell within the maximum authorized by the facts established by his guilty plea. Marpoe signed a written plea agreement, admitting that the 125 marijuana plants recovered on his property belonged to him, and during the plea colloquy, he admitted that the government's proffer - namely, possession with intent to distribute 125 marijuana plants with his wife - was true. Furthermore, Marpoe did not object to the Presentence Investigation Report, which stated that he possessed, with intent to distribute, 125 marijuana plants with his wife. Pursuant to § 841, and given these admitted facts, the minimum sentence that he could have received was five years' imprisonment, and the maximum was 40 years' imprisonment. Because Marpoe's sentence fell within the range authorized by the facts established by a plea of guilty, *Apprendi* does not apply. *Booker*, 543 U.S. at ___, 125 S. Ct. at 756; *Sanchez*, 269 F.3d at 1268. Accordingly, Marpoe's facial challenge fails because he "cannot demonstrate that no set of circumstances exist under which [§ 841] would be valid," primarily

4

because, under the circumstances of his own case, § 841 (b) is constitutionally valid. *See Tinoco*, 304 F.3d at 1101 (internal quotation omitted). Therefore, the district court did not plainly err in not finding that § 841 facially violates the Constitution, and we affirm Marpoe's conviction.

Upon review of the record, and upon consideration of the briefs of the parties, we discern no reversible error. Accordingly, we affirm.

**AFFIRMED.**