[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2006
THOMAS K. KAHN
CLERK

No. 05-15448
Non-Argument Calendar

_____

D. C. Docket No. 05-00207-CR-T-26-MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUCEO PORTOCARRERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 17, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Ruceo Portocarrero appeals his conviction and 135-month

sentence for possession with intent to distribute, and conspiracy to possess with intent to distribute, five kilograms or more of a mixture and substance containing a detectable amount of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. App. § 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B).

## I.

As an initial matter, the government argues that we lack jurisdiction to review Portocarrero's claim on appeal that his sentence is unreasonable. Specifically, the government argues that Congress in 18 U.S.C. § 3742 limited appellate jurisdiction to review certain grounds only, and absent meeting that statutory requirement, a defendant cannot obtain appellate review of a sentence. The government acknowledges that our holding in *United States v. Martinez*, 434 F.3d 1318 (11th Cir. 2006), rejected these arguments; however, it claims that its claims are still viable while this court considers its petition for rehearing *en banc* in *Martinez*.

In *Martinez*, we rejected the challenge that we lack jurisdiction under 18 U.S.C. § 3742 to review the reasonableness of a guidelines sentence. *Martinez*, 434 F.3d at 1321-22. In *Martinez*, we explained that:

First, post-*Booker*,[1] this Court repeatedly has reviewed sentences within the guidelines range for unreasonableness. Second, although *Booker* excised the standards of review in 18 U.S.C. § 3742(e), the Supreme Court explained that the [Federal Sentencing] Act continues to provide for appeals from sentencing decisions (irrespective of whether the trial judge sentences within or outside the Guidelines range in the exercise of his discretionary power under § 3553(a)), and cited 18 U.S.C. § 3742(a).

*Id.* at 1321 (internal citations and quotations omitted). Thus, we reasoned that

"[a]lthough the Supreme Court in *Booker* did not identify which provision of §

3742(a) provided for appeals for 'unreasonableness,' we conclude that a

post-*Booker* appeal based on the 'unreasonableness' of a sentence, whether within

or outside the advisory guidelines range, is an appeal asserting that the sentence

was imposed in violation of law pursuant to § 3742(a)(1)." *Id.* at 1322. In

addition, on March 6, 2006, we denied the government's petition for rehearing *en*

*banc* in *Martinez*. Accordingly, we conclude that we have jurisdiction under §

3742(a)(1) to review Portocarrero's sentence for reasonableness.

## II.

Portocarrero next argues that we should not presume that his sentence is

reasonable just because it was imposed within the calculated guideline range.

Portocarrero claims that his sentence was unreasonable because the district court

misapprehended its authority to consider his age and infirmity in fashioning a

---

[1] *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

reasonable sentence. He argues that his 135-month sentence was greater than necessary to serve the purposes of sentencing because: (1) he played a small and isolated role in a larger conspiracy; (2) he had no prior criminal record; and (3) he may never see his family again.

Pursuant to the Supreme Court's instructions in *Booker*, we review a district court's sentence, imposed after consulting the guidelines and considering the factors set forth at § 3553(a), for reasonableness. *Booker*, 543 U.S. at 260-261, 125 S. Ct. at 765. In assessing the reasonableness of a sentence, the factors that a district court should consider include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, the pertinent Sentencing Commission policy statements, and the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a)(1)-(7). Although a sentence within the advisory guidelines range is not *per se* reasonable, we ordinarily expect such a sentence to be reasonable. *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). This expectation is measured against the record, and Portocarrero bears the burden of showing his sentence is unreasonable in light of the record and the 3553(a) factors. *Id.* In reviewing for reasonableness, we "would not expect the district court in every case to conduct an accounting of every § 3553(a) factor . . . and expound upon how

each factor played a role in its sentencing decision." *See United States v. Robles*, 408 F.3d 1324, 1328 (11th Cir. 2005).

We conclude from the record that Portocarrero's sentence of 135 months imprisonment is reasonable. Contrary to Portocarrero's contention, the district court understood that the guideline range was advisory and that it was free to fashion an appropriate sentence taking into consideration § 3553(a) factors. The record reveals that the court considered Portocarrero's role in the offense, his age, infirmity, and the possibility that he may never see his family again. Furthermore, the district court granted the government's motion for a downward departure and reduced Portocarrero's total offense level by two points. The court considered Portocarrero's arguments in mitigation of his sentence and concluded that a sentence at the low end of the guidelines was a reasonable one. Thus, the court's deliberations reflect consideration of several § 3553(a) factors: (1) the nature and circumstances of the offense; (2) the need for the sentence imposed to reflect the seriousness of the offense and to promote respect for the law; and (3) the history and characteristics of the defendant. Because the imposition of Portocarrero's sentence was reasoned and these reasons reflected consideration of several of the relevant factors, including the guidelines, we conclude that Portocarrero's sentence is reasonable.

## III.

Next, Portocarrero argues, for the first time on appeal, that the district court lacked jurisdiction over the case because the Maritime Drug Law Enforcement Act ("MDLEA") is unconstitutional as Congress's limited Article I powers do not encompass the authority to punish non-citizen drug traffickers on stateless vessels on the high seas. Portocarrero contends that Congress's jurisdiction to legislate under the MDLEA cannot extend any further than that granted to it under the Piracies and Felonies Clause of Article I, and that Congress is not allowed to criminalize any conduct on the high seas regardless of its lack of connection to the United States. Portocarrero argues further that he has not waived his right to challenge the constitutionality of the MDLEA, and his challenge to the district court's subject-matter jurisdiction can be raised at any time and should be reviewed *de novo*.

Our review of a challenge to the constitutionality of a statute, based on the assertion that Congress exceeded its authority in enacting the statute and thus deprived the district court of jurisdiction, is limited to "a search for plain error" where the appellant failed to raise the issue at trial. *United States v. Williams*, 121 F.3d 615, 618 (11th Cir. 1997) (reviewing challenge to Child Support Enforcement Act). To satisfy the plain-error standard, we must find that (1) the district court

6

committed "error," (2) the error was plain or obvious, and (3) the error "affected substantial rights" in that the error was prejudicial and not harmless. *United States v. Olano*, 507 U.S. 725, 730-32, 113 S. Ct. 1770, 1776 (1993). If these criteria are met, we may, in our discretion, correct the plain error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 736, 113 S. Ct. at 1779 (quotation omitted). We have held, however, that "an error cannot meet the 'plain' requirement of the plain error rule unless it is 'clear under current law.' . . . Where neither the Supreme Court nor this Court has ever resolved an issue, and other circuits are split on it, there can be no plain error in regard to that issue." *United States v. Aguillard*, 217 F.3d 1319, 1321 (11th Cir. 2000) (citations omitted). Nevertheless, we have stated that there is "no plainer error than to allow a conviction to stand under a statute which Congress was without power to enact." *United States v. Walker*, 59 F.3d 1196, 1198 (11th Cir. 1995).

The MDLEA provides, in relevant part, that "[i]t is unlawful for any person on board a vessel subject to the jurisdiction of the United States, . . . to possess with intent to manufacture or distribute, a controlled substance." 46 U.S.C. App. § 1903(a). A "vessel subject to the jurisdiction of the United States" includes "a vessel without nationality," which in turn is defined to include "a vessel aboard which the master or person in charge makes a claim of registry and

7

the claimed nation of registry does not affirmatively and unequivocally assert that the vessel is of its nationality." 46 U.S.C. App. § 1903(c)(1)(A) and (c)(2)(C). Moreover, we have noted that "this circuit and other circuits have not embellished the MDLEA with a nexus requirement." *United States v. Rendon*, 354 F.3d 1320, 1325 (11th Cir. 2003), *cert. denied*, 541 U.S. 1035, 124 S. Ct. 2110 (2004).

Portocarrero fails to show that the district court committed plain error by not finding the MDLEA unconstitutional because its enactment exceeded Congress's authority, since neither the Supreme Court nor we have spoken on this issue.

**IV.**

Finally, Portocarrero argues that the MDLEA is unconstitutional because the offense contains a jurisdictional element, but the statute removes that element from the jury's consideration. Portocarrero argues that this removal violates the Supreme Court's holding in *United States v. Gaudin*, 515 U.S. 506, 115 S. Ct. 2310 (1995), that every element of an offense must be submitted to the jury. Portocarrero acknowledges that our decision in *United States v. Tinoco*, 304 F.3d 1088 (11th Cir. 2002), forecloses this argument, but raises the issue "primarily for purposes of *en banc* or *certiorari* review."

In *Gaudin*, the Supreme Court held that "[t]he Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt

of every element of the crime with which he is charged." 515 U.S. at 522-23, 115 S. Ct. at 2320. Based on *Gaudin*, Portocarrero argues that jurisdiction is an element of his crime, and therefore, that it must be found by a jury beyond a reasonable doubt. The MDLEA, however, specifically provides that: "Jurisdiction of the United States with respect to vessels subject to this chapter is not an element of any offense. All jurisdictional issues arising under this chapter are preliminary questions of law to be determined solely by the trial judge." 46 U.S.C. App. § 1903(f).

In *Tinoco*, the appellants challenged the constitutionality of the MDLEA by arguing, in relevant part, that *Gaudin* required the jurisdictional element of the offense to be decided by a jury, not by the judge as a preliminary question of law. *See Tinoco*, 304 F.3d at 1095. We stated:

> By adding to the MDLEA the jurisdiction and venue provision, 46 U.S.C. app. § 1903(f), Congress, as we have pointed out, plainly indicated that whether a vessel is subject to the jurisdiction of the United States is not an element of the offense, but instead is solely an issue of subject matter jurisdiction that should be treated as a preliminary question of law for the court's determination. . . . The statutory language of the MDLEA now unambiguously mandates that the jurisdictional requirement be treated only as a question of subject matter jurisdiction for the court to decide.

*Id.* at 1105-06. In *Tinoco*, therefore, we "reject[ed] the appellants' argument that the MDLEA . . . is unconstitutional under *Gaudin* . . . because the jurisdictional

9

provision here is not a traditional element, or otherwise an essential ingredient, of a criminal offense." *Id.* at 1111-12. Furthermore, in *Rendon*, we re-affirmed its holding in *Tinoco*. *See Rendon*, 354 F.3d at 1326-28.

Thus, because we rejected Portocarrero's argument about the constitutionality of the MDLEA in *Tinoco* and *Rendon*, we conclude that Portocarrero's argument is meritless.

For the above-stated reasons, we affirm Portocarrero's conviction and sentence.

**AFFIRMED.**