[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 20, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16707
Non-Argument Calendar

_____

D. C. Docket No. 05-00012-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO CATALAN-VAZQUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 20, 2006)

Before DUBINA, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Ricardo Catalan-Vazquez appeals his convictions and sentence for

conspiracy to possess with intent to distribute five kilograms or more of cocaine

and possession with intent to distribute five kilograms or more of cocaine. After a

thorough review of the record, we affirm both the convictions and the sentence.

## I. Background

Catalan-Vazquez was arrested after Florida Highway Patrol Troopers

stopped the vehicle in which he was riding because it lacked a tag light and

discovered 6.9 kilograms of cocaine hidden in a false panel near the driver's door.

He was charged with conspiracy to possess with intent to distribute five or more

kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and

846 (count one) and possession with intent to distribute five kilograms or more of

cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii) (count two).

The following evidence was presented at Catalan-Vazquez's trial. First, the

two Florida troopers who made the arrest testified that they discovered the cocaine

concealed within the paneling of the vehicle after a drug-sniffing dog alerted the

officers to the presence of narcotics.

Second, Cabrera-Torres, who was indicted along with Catalan-Vazquez,

testified in accordance with a plea agreement. He stated that he asked Catalan-

Vazquez to join him on the smuggling trip and promised to pay him $700.

2

Cabrera-Torres claimed that he told Catalan-Vazquez before the trip that there was cocaine in the vehicle, but admitted that he did not inform Catalan-Vazquez how much cocaine there was or where it was hidden  Cabrera-Torres further testified that Catalan-Vazquez drove the vehicle for four or five hours during their trip from Texas to Florida.

Third, a DEA agent testified about a statement that Catalan-Vazquez made after his arrest.  In the statement Catalan-Vazquez explained that he had known Cabrera-Torres from working together at a restaurant in Texas and that Cabrera-Torres asked him to accompany him on a drive to Florida for a party or dance. Cabrera-Torres allegedly offered to give Catalan-Vazquez a job that would pay $700 every other week.  Catalan-Vazquez admitted in his statement that he knew there was cocaine in the vehicle but insisted that he did not know how much cocaine there was or where it had been hidden and that he did not learn that there was cocaine in the vehicle until ten hours after they left Houston.

After the government rested, the defense moved for a judgment of acquittal based on insufficient evidence to support a conviction on either count.  The district court denied the motion, and the defense then rested without offering any evidence. The jury found Catalan-Vazquez guilty on both counts with a special verdict specifying that the amount of drugs involved in both counts was five or more

3

kilograms of cocaine. The defense filed another motion for acquittal or, alternatively, to set aside the verdict, and the court denied it.

After receiving the presentence investigation report and denying the defendant's objections, the district court adopted the report without modification and sentenced Catalan-Vazquez to a term of 121 months imprisonment to be followed by five years supervisory release.

## II. Standard of Review

We review the sufficiency of the evidence de novo, "viewing the evidence in the light most favorable to the government and drawing all reasonable inferences from the evidence in favor and in support of the jury verdict." United States v. Smith, 231 F.3d 800, 806 (11th Cir. 2000). We cannot reverse a conviction on the grounds of insufficient evidence unless no reasonable jury could have found proof of guilt beyond a reasonable doubt based on the evidence presented. United States v. Jones, 913 F.2d 1552, 1557 (11th Cir. 1990). This court has explained that the jury is free to choose among reasonable constructions of the evidence and to rely on a witness's testimony unless that testimony was "unbelievable on its face" or "so contrary to the teachings of human experience that no rational person could believe it." United States v. Vera, 701 F.2d 1349, 1357 (11th Cir. 1983); Jones,

913 F.2d at 1559 n.7 (quotations omitted).

We normally review the constitutionality of a statute de novo. United States v. Ballinger, 395 F.3d 1218, 1225 (11th Cir. 2005), cert. denied, 126 S.Ct. 368 (2005). When an objection is raised for the first time on appeal, however, we review only for plain error. United States v. Walker, 59 F.3d 1196, 1198 (11th Cir. 1995). To find plain error, we must find (1) error, (2) that is plain, and (3) that affects substantial rights. United States v. Candelario, 240 F.3d 1300, 1303 n.2 (11th Cir. 2001). If these three conditions are met, we may recognize a forfeited error, but we will only do so if the error seriously impacts the fairness, integrity, or public reputation of judicial proceedings. Id.

## III. Discussion

Catalan-Vazquez challenges both his conviction and sentence. He challenges the sufficiency of the evidence presented for his conviction and the constitutionality of the statute under which he was sentenced. We address each issue in turn.

### A. Sufficiency of the Evidence

Catalan-Vazquez was convicted of conspiracy to possess and of possession.

To support a conviction for conspiracy under 21 U.S.C. § 846, the government must prove that (1) two or more persons agreed to commit a crime, (2) the defendant knew of the conspiratorial goal, and (3) the defendant voluntarily participated in accomplishing that goal. Jones, 913 F.2d at 1557. The existence of such an agreement may be proved by direct or circumstantial evidence. Furthermore, the government need not prove that the defendant knew every detail of the conspiracy. Id.

To support a conviction for possession with intent to distribute under 21 U.S.C. § 841(a), "the government must prove (1) knowing (2) possession of a controlled substance (3) with intent to distribute it." United States v. Farris, 77 F.3d 391, 395 (11th Cir. 1996). These three elements can be proved by either direct or circumstantial evidence. United States v. Pruitt, 763 F.2d 1256, 1264 (11th Cir. 1985). Furthermore, the defendant's possession may be actual or constructive. Id. Constructive possession need not be exclusive and it may be proved through evidence of "dominion or control." United States v. Mieres-Borges, 919 F.2d 652, 657 (11th Cir. 1990). Likewise, the defendant's intent to distribute may be inferred from the amount of drugs involved. United States v. Hernandez, 433 F.3d 1328, 1333 (11th Cir. 2005), cert. denied, 126 S.Ct. 1635 (2006).

6

Based on the evidence presented, it was not unreasonable for the jury to find Catalan-Vazquez guilty on both counts. With regards to the conspiracy charge, the testimony of Cabrera-Torres alone was sufficient to meet all three elements of section 846. See United States v. Garcia, 405 F.3d 1260, 1270 (11th Cir. 2005) ("[U]ncorroborated testimony of an accomplice may be enough to support a conviction if the testimony is not on its face incredible or otherwise insubstantial.") (quotation omitted).

The evidence presented regarding the possession conviction was also sufficient for conviction. Evidence that Catalan-Vazquez drove the vehicle for four or five hours while knowing there was cocaine in the vehicle is sufficient to prove possession because at that time he exercised effective control over the cocaine in the vehicle even if he did not know exactly where the cocaine was hidden. United States v. Leonard, 138 F.3d 906, 909 (11th Cir. 1998) ("From the evidence, the jury reasonably could have inferred that [the defendant in question] was the driver of a vehicle in which he knew cocaine and a gun were hidden. This is sufficient to constitute personal dominion over the cocaine, and therefore actual possession.") (internal citation omitted).

*B. The Constitutionality of 21 U.S.C. 841*

Catalan-Vazquez argues, for the first time on appeal, that his sentence is constitutionally deficient because penalties proscribed in 21 U.S.C. § 841(b) violate the principle in Apprendi v. New Jersey, which requires all facts that raise a defendant's otherwise applicable maximum sentence to be found by a jury beyond a reasonable doubt. 530 U.S. 466 (2000). This contention is without merit. First, this court has held that section 841 is constitutional and does not violate Apprendi or its progeny. See United States v. Sanchez, 269 F.3d 1250, 1263-74 (11th Cir. 2001) (en banc). And a panel of this court is bound by a decision of a prior panel unless the decision has been overruled by this court sitting en banc or by the Supreme Court. Smith v. GTE Corp., 236 F.3d 1292, 1300 n.8, 1302-03 (11th Cir. 2001). Second, the jury found beyond a reasonable doubt the amount of cocaine was five kilograms or more in a special verdict, and the district court sentenced Catalan-Vazquez according to the jury's factual finding. Third, Catalan-Vazquez's sentence does not even implicate Apprendi because he was sentenced to 121 months in prison, less than section 841(b)(1)(C)'s statutory maximum.

## IV. Conclusion

For the above reasons, we **AFFIRM** Catalan-Vazquez's convictions and sentence.