[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 22, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11887
Non-Argument Calendar

_____

D. C. Docket No. 05-00084-CR-FTM-33-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDVARD BAPTISTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 22, 2006)**

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Edvard Baptiste appeals his sentence imposed in accordance with a written

plea agreement, in which the government agreed not to oppose a request for a sentence at the low end of the advisory Guidelines range. Baptiste argues that the government breached the plea agreement when it did not urge a low-end sentence. Baptiste also makes arguments about his sentence that are barred by his valid appeal waiver. We affirm in part and dismiss in part.

## I. BACKGROUND

On November 28, 2005, Baptiste pleaded guilty to possession with intent to distribute five grams or more of cocaine base. 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii). In a written plea agreement, the government agreed to recommend the maximum reduction for acceptance of responsibility and not to oppose Baptiste's request for a sentence at the low end of the applicable Guidelines range. The advisory Guidelines range was 37 to 46 months.

In January 2006, while Baptiste was released on bond pending sentencing, Baptiste allegedly battered his pregnant ex-girlfriend. At sentencing, when the government stated that it would not object to a request by Baptiste that he be sentenced towards the low end of the Guidelines range, the district court asked, "How about beating up a pregnant girlfriend during the time that he's out?" The government replied that no charges had been filed relating to those allegations and the low-end recommendation was based on Baptiste's cooperation and lack of

2

prior drug convictions. The court imposed a sentence of 46 months.

## II. STANDARDS OF REVIEW

Because Baptiste did not raise his argument about the plea agreement in the district court, we review only for plain error. United States v. Walker, 59 F.3d 1196, 1198 (11th Cir. 1995). We review de novo the validity of Baptiste's appeal waiver. United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997).

## III. DISCUSSION

Baptiste argues that he is entitled to resentencing because the government breached the plea agreement. Baptiste also makes arguments about the legality and reasonableness of his sentence, which the government argues are foreclosed because Baptiste agreed to a valid appeal waiver. We address these issues in turn.

### A. The Government Did Not Breach the Plea Agreement.

Baptiste makes two arguments about the plea agreement. First, he argues that the recommendation of the government at sentencing that Baptiste receive a sentence "towards" the low end of the Guidelines range breached the agreement to recommend a sentence "at" the low end of the range. Second, Baptiste argues that the government breached the agreement when it "attempt[ed] to distance itself from the recommendation" after the district court asked about the battery allegation.

3

Both of Baptiste's arguments fail.  First, the plea agreement required only that the government not oppose a low-end recommendation by the defense.  When the government made the "towards" statement, Baptiste had not yet requested a low-end sentence, and at no point did the government oppose Baptiste's eventual request for a sentence at the low end of the Guidelines range.  Second, the written plea agreement stated that the low-end recommendation was conditional:  "In the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court."  Although we agree with the government that the new information regarding the battery allegations suggested that the recommendation was unwarranted, the government, in its response to the question about the battery allegations, defended the recommendation.  The government did not breach its agreement with Baptiste.

*B.  Baptiste's Remaining Arguments are Barred by a Valid Appeal Waiver.*

Baptiste argues that his sentence was illegal and unreasonable, but we will not consider these arguments because they are barred by an enforceable appeal waiver.  None of the exceptions to the waiver contained in the written plea agreement apply.  The district court concluded after specific questioning during

4

the plea colloquy that the appeal waiver was knowing and voluntary. <u>See</u> <u>United</u> <u>States v. Bushert</u>, 997 F.2d 1343, 1350-51 (11th Cir. 1993). We agree that Baptiste has waived his right to appeal his sentence on the grounds raised here.

## IV. CONCLUSION

Baptiste's appeal is **DISMISSED** in part, and his sentence is **AFFIRMED**.