[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 8, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12889
Non-Argument Calendar

_____

D. C. Docket No. 05-20529-CR-JAG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY TOBIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 8, 2007)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Jeffrey Tobin appeals his conviction and sentence for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). Tobin asserts his due process rights were violated by the four-year delay between the execution of the search warrant and his indictment. Tobin also contends the district court erred by excluding the testimony of Gregorio Diaz, to whom Jorge Garcia had purportedly spoken about images of child pornography. Tobin also asserts the district court erred in imposing his sentence because: (1) the district court applied the Guidelines in a mandatory fashion; and (2) the sentence imposed was procedurally unreasonable because the district court gave undue weight to the Guidelines range without considering the other 18 U.S.C. § 3553(a) factors.[1] We affirm Tobin's conviction and sentence.

## I.  DISCUSSION

### A.  *Pre-indictment delay*

A district court's refusal to dismiss an indictment is normally subject to review for an abuse of discretion. *United States v. Foxman*, 87 F.3d 1220, 1222 (11th Cir. 1996). However, where, as here, a defendant fails to object to an indictment in the district court, we review only for plain error. *United States v.*

---

[1] In his reply brief, Tobin also argues the district court failed to author an 18 U.S.C. § 3553(c)(1) statement of reasons. However, Tobin abandoned this issue by failing to raise it in his initial brief. *See United States v. Thomas*, 242 F.3d 1028, 1033 (11th Cir. 2001).

*Vallejo*, 297 F.3d 1154, 1164 (11th Cir. 2002). "Under this standard, there must be an error that is plain and that affects substantial rights. When these three factors are met, the courts of appeal may then exercise their discretion and correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1165.

"The limit on pre-indictment delay is usually set by the statute of limitations. But, the Due Process Clause can bar an indictment even when the indictment is brought within the limitation period." *Foxman*, 87 F.3d at 1222. For dismissal to be proper, a defendant must show "that pre-indictment delay caused him actual substantial prejudice and that the delay was the product of a deliberate act by the government designed to gain a tactical advantage." *Id*.

The district court did not plainly err by not dismissing the indictment against Tobin. As Tobin acknowledges, the delay in the indictment against him was occasioned by a redirection of FBI resources as a result of the terrorist attacks of September 11, 2001. This was not "a deliberate act by the government designed to gain a tactical advantage," and, therefore, Tobin would not have been entitled to a dismissal of his indictment even if he could show "substantial actual prejudice." *See id.*

B. *Hearsay*

We review the district court's ruling on the admissibility of hearsay testimony for an abuse of discretion. *United States v. Walker*, 59 F.3d 1196, 1198 (11th Cir. 1995). A statement that would otherwise be inadmissible as hearsay may be admitted into evidence if the declarant is unavailable and the statement "so far tended to subject the declarant to . . . criminal liability . . . that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." Fed. R. Evid. 804(b)(3). However, if a criminal defendant seeks to offer such a statement in order to exculpate himself, then the statement is still inadmissible hearsay "unless corroborating circumstances clearly indicate the trustworthiness of the statement." *Id*. The parties agree the declarant, Garcia, was unavailable because he was deceased at the time of trial.

The district court did not abuse its discretion in finding Garcia's statements to be inadmissible hearsay.[2] In Garcia's purported statement, he admitted only to once clicking on some pictures in a chat room by mistake. Garcia did not mention what kind of pictures they were. Further, Garcia had no fear that Diaz, the person

---

[2]  To the extent Tobin makes more than a passing reference to a compulsory process violation, *see Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (holding an issue is abandoned on appeal where no argument is presented), there was no constitutional violation because a defendant does not have the right to compel the introduction of inadmissible hearsay, *see United States v. Deaton*, 468 F.2d 541, 544 (5th Cir. 1972).

4

to whom he made the statements and his best friend since 1988, would turn him in. Therefore, Garcia's statement was not against his penal interest. *See United States v. Funt*, 896 F.2d 1288, 1298 (11th Cir. 1990) (holding the against-penal-interest requirement was not met where the declarant did not expect the statement to be used against him, even where the statement was "somewhat facially inculpatory")*; United States v. Martino*, 648 F.2d 367, 391 (11th Cir. 1981) (stating "the statement against interest must be almost a direct, outright statement that the person was legally at fault").

In addition, there were no corroborating circumstances clearly indicating the trustworthiness of Garcia's purported statement. Tobin argues the fact Garcia had access to the computer is a corroborating circumstance, but evidence presented at trial showed images of child pornography were saved to the computer's hard drive at times when Garcia could not possibly have been using the computer. The circumstances, therefore, undermine Garcia's statement, rather than clearly indicating its trustworthiness. *See United States v. Jernigan*, 341 F.3d 1273, 1288 (11th Cir. 2003) (concluding the trustworthiness prong of Rule 804(b)(3) admissibility was not met where the statement contradicted the government's evidence of guilt).

C. *Mandatory application of the Guidelines*

A district court commits statutory *Booker* error where it applies the now-advisory Guidelines system as mandatory. *United States v. Shelton*, 400 F.3d 1325, 1330-31 (11th Cir. 2005). Tobin did not preserve his statutory *Booker* argument below and, therefore, we review that argument only for plain error. *See United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir.), *cert. denied*, 125 S. Ct. 2935 (2005).

The district court did not apply the Guidelines as mandatory and, therefore, did not commit statutory *Booker* error. The district court stated it had considered Tobin's arguments–which discussed consideration of the § 3553(a) factors under *Booker*, and the presentence investigation report–which repeatedly referenced the advisory nature of the Guidelines in general and the possibility of a post-*Booker* variance for Tobin's medical condition. The district court's statement that "respect" for the Guidelines "under the facts and circumstances of this case" did not permit a sentence below the Guidelines range merely reflects the district court, as required, weighed the Guidelines range, Tobin's history and characteristics (including his medical condition), and the other § 3553(a) factors, and ultimately concluded that, under the particular facts of Tobin's case, the considerations embodied in the Guidelines range outweighed the arguments Tobin advanced as to

the other § 3553(a) factors. *See United States v. Hunt*, 459 F.3d 1180, 1186 (11th Cir. 2006) (holding although "the district court made some statements that could be interpreted as presumptions in favor of the Guidelines . . . [t]he court's decision to defer to the Guidelines was ultimately a case-specific one and was based on consideration of the § 3553(a) factors.").

D. *Reasonableness*

After the district court has correctly calculated the Guidelines range, we review the final sentence for reasonableness. *United States v. Williams*, 456 F.3d 1353, 1360 (11th Cir.), *petition for cert. filed*, No. 06-7352 (October 19, 2006). A sentence can be reviewed for procedural or substantive reasonableness. *Hunt*, 459 F.3d at 1182 n.3 (11th Cir. 2006). A sentence may be procedurally unreasonable, regardless of the actual sentence, if it is the result of an improper sentencing procedure, such as when the district court fails to consider relevant factors under 18 U.S.C. § 3553(a) or considers an impermissible factor. *Id.* "When reviewing a sentence for reasonableness, we must evaluate whether the sentence achieves the purposes of sentencing as stated in 18 U.S.C. § 3553(a)." *Williams*, 456 F.3d at 1360.

Tobin's sentence was procedurally reasonable. The record reflects that, in addition to arguments relating to the Guidelines range, the district court heard

arguments (1) about the length of Tobin's sentence in comparison to state sex offenders, (2) that Tobin had never sought out children, (3) that Tobin had ceased involvement with child pornography after 2001, (4) that Tobin had been diagnosed with two different types of cancer, (5) about the probability of Tobin endangering children in the future, (6) that a sentence of house arrest was available, (7) about whether Tobin had previously committed a child pornography offense, (8) that Tobin could be further educated about the harms of possessing child pornography without being imprisoned, and (9) that all of these considerations indicated that Tobin was adequately deterred and the community protected even without imprisonment.  As such, the district considered:  (1) the nature and circumstances of Tobin's offense and Tobin's history and characteristics; (2) the seriousness of the offense; (3) deterrence; (4) protection of the public; (4) the need for education and medical treatment; (5) the kinds of sentences available; (6) the Guidelines range; and (7) avoidance of unwarranted sentencing disparities.  That is, the district court considered every single § 3553(a) factor except for the need to provide restitution, which was not applicable in this case.  *See* 18 U.S.C. § 3553(a)(1)-(7). Further, the district court's explicit statement that it had "struggled mightily" with sentencing in this case before concluding that a Guidelines sentence was

appropriate belies Tobin's assertion the district court simply deferred to the Guidelines range without proper consideration of the other § 3553(a) factors.

## II.  CONCLUSION

The district court did not plainly err by not dismissing the indictment as violating Tobin's due process rights.  Moreover, the district court did not abuse its discretion in excluding Diaz's testimony.  Finally, the district court did not sentence Tobin under a mandatory Guidelines scheme, and his sentence was procedurally reasonable.  Thus, we affirm Tobin's conviction and sentence.

**AFFIRMED.**