[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-10404
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 27, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-20657-UU-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BOBBY JO HARDY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 27, 2010)

Before TJOFLAT, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

A jury found Bobby Jo Hardy guilty of being a felon in possession of a

firearm, in violation of 18 U.S.C. § 922(g)(1), and the district court sentenced him

to prison for 188 months. He appeals his conviction, arguing (1) that the district court abused its discretion in excluding hearsay evidence, (2) the prosecutor's statements during closing argument constituted prosecutorial misconduct, and (3) cumulative error deprived him of a fair trial. We affirm.

## I.

At trial, the prosecution established that during a traffic stop, Miami Gardens police officers found a firearm under the driver's seat of a car that Hardy, a felon (the police later determined), was driving.[1] After he was placed under arrest for diving with a suspended license, Hardy waived his *Miranda* rights and told one of the officers that the firearm probably belonged to his brother. Later, he said that the knew the firearm had been under the driver's seat but that he did not know whom it belonged to.

Jeansilu Estime was riding in the car with Hardy when it was stopped, and took the stand in Hardy's defense. Hardy's counsel attempted to elicit from Estime that while in Hardy's car and shortly before officers pulled Hardy over, a man identified only as "Black" had told Hardy that he had a gun for sale. Hardy argued that this statement was a statement against interest and should be admitted

---

[1] At trial, Detective Onassis Perdomo testified that the gun was found under the driver's seat, while Hardy's witness, Jeansilu Samuel Estime, testified that it was found under the passenger's seat.

under Federal Rule of Evidence 804(b)(3). The district court excluded it as inadmissible hearsay. We review the court's ruling for abuse of discretion. *United States v. Walker*, 59 F.3d 1196, 1198 (11th Cir. 1995).

Rule 804(b)(3) "permits admission of a hearsay statement 'which [] at the time of its making . . . so far tended to subject the declarant to civil or criminal liability . . . that a reasonable person in the declarant's position would not have made the statement unless believing it to be true." *United States v. Westry*, 524 F.3d 1198, 1214 (11th Cir. 2008) (quoting Fed. R. Evid. 804(b)(3)). "To be admissible under Rule 804(b)(3), a statement must satisfy three elements: (1) the declarant [must be] unavailable; (2) the statement so far tends to subject the declarant to criminal liability that a reasonable person in his position would not have made the statement unless he believed it to be true; and (3) the statement is corroborated by circumstances clearly indicating its trustworthiness." *Id.* (quotations omitted). "While a determination of whether a statement is against the declarant's penal interest is purely a question of law subject to *de novo* review, . . . consideration of a statement's trustworthiness requires a review of findings of fact and a review of the trial court's application of a legal standard to the facts." *Id.* at 1215 (citation omitted).

In *United States v. Walker*, 59 F.3d 1196 (11th Cir. 1995), Walker, the defendant, argued that the district court improperly prevented him from introducing, through his own testimony, an alleged statement made by a man identified only as "Jeffrey." *Id.* at 1198. Walker failed to make a proffer, but argued on appeal that Jeffrey's statements would have placed Jeffrey at the scene, would have shown that Jeffrey avoided being captured by the police, and would have supported Walker's own testimony that Walker was purchasing drugs from Jeffrey, rather than selling drugs, on the night of his arrest. *Id.* We affirmed the district court's rejection of that evidence, observing that (1) Walker made no effort to show that Jeffrey was unavailable, (2) Walker failed to proffer any evidence to corroborate Jeffrey's statements, and (3) Walker had every motive to fabricate the story to corroborate his own defense. *Id.* at 1198-99.

Here, the district court did not abuse its discretion in finding Black's statement to be inadmissible hearsay. Even though the court excluded the statement, Hardy made no effort at that time, or outside the jury's presence, to show that Black was unavailable. *See Walker*, 59 F.3d at 1199. Also, the statement was at best ambiguous and thus not clearly against Black's penal interest. *See United States v. Pena*, 527 F.2d 1356, 1361 (5th Cir. 1976) (holding

that a defendant's construction was not justified from the "scanty tender shown by the record."). Even assuming that Black was unavailable and that the statement was against his interest, Hardy failed to proffer any evidence to corroborate Black's statement and no reasonable view of the evidence supports the trustworthiness of Black's statement.

II.

Hardy contends that during closing argument, the government improperly instructed the jury that it need only consider the internal consistency of the government's evidence and therefore did not need to consider Hardy's evidence.

We review *de novo* a claim of prosecutorial misconduct during closing arguments. *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006). "To establish prosecutorial misconduct, (1) the remarks must be improper, and (2) the remarks must prejudicially affect the substantial rights of the defendant." *Id.* (quotation omitted). "A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would have been different." *Id.* In order to assess the prejudicial impact of the comments, we evaluate them in the context of the trial as a whole and assesses

5

their probable impact on the jury. *United States v. Hernandez*, 145 F.3d 1433, 1439 (11th Cir. 1998).

Taken in context, the government's argument was not improper. Prior to Hardy's objection, the prosecutor stated: "And members of the jury, those factors to determine a witness' credibility apply to everybody who testified in this case." The government then asked the jury to consider whether Perdomo's testimony was credible and consistent with the other evidence that the government had presented. The government never suggested that the jury should not consider Hardy's evidence, only that it find Perdomo credible and believe his testimony over Estime's testimony, as it stated more fully in its rebuttal argument. Further, during Hardy's closing argument, Hardy told the jury that they could not ignore Hardy's witness as they were "supposed to look at all the testimony." Moreover, in its jury instruction, the court instructed the jury that they must give careful and impartial consideration of all of the evidence in the case, and the jury is presumed to have followed these instructions. *See United States v. Stone*, 9 F.3d 934, 938 (11th Cir. 1993).

III.

Finally, Hardy argues that the district court's interruptions of and tone toward defense counsel, when coupled with the alleged errors above, constitute cumulative error that deprived Hardy of a fair trial.

"The cumulative error doctrine provides that an aggregation of non-reversible errors (i.e., plain errors failing to necessitate reversal and harmless errors) can yield a denial of a constitutional right to a fair trial, which calls for reversal." *United States v. Baker*, 432 F.3d 1189, 1223 (11th Cir. 2005) (quotation omitted). We address a claim of cumulative error by first considering the validity of each claim individually, and then examining any errors in the aggregate and the trial as a whole to determine whether the appellant was afforded a fundamentally fair trial. *See United States v. Calderon*, 127 F.3d 1314, 1333 (11th Cir. 1997). However, where there is no error or only a single error, there can be no cumulative error. *United States v. Waldon*, 363 F.3d 1103, 1110 (11th Cir. 2004).

AFFIRMED.