[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14313
Non-Argument Calendar

_____

D.C. Docket No. 5:17-cr-00061-MTT-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON KENNETH BELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(January 24, 2020)

Before WILLIAM PRYOR, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Jason Kenneth Bell was convicted of two counts of making telephone calls to the offices of United States Senators Charles Schumer and Tim Scott without disclosing his identity and with an intent to threaten the Senators, in violation of 47 U.S.C. § 223(a)(1)(C).  Bell pleaded guilty pursuant to a plea agreement and was sentenced to 30 months in prison.  He timely appealed to us, raising an argument for the first time on appeal that § 223(a)(1)(C), as applied to him, violates the First Amendment.  We disagree and affirm his conviction.

Several times in 2017, Bell called the offices of Senators Schumer and Scott. The Presentence Investigative Report ("PSI"), to which Bell did not object, stated that Bell left four messages with Schumer's office on March 1, 2017, in which he stated that he "hoped Senator Schumer would be the first person 'hunted down' when the 'true patriots' rise," that "he wished he could get his hands on Senator Schumer, and that he would hit Senator Schumer until he could not lift his arms anymore."  On October 23, 2017, he called Scott's office and informed a staffer that "he wanted to bash in Senator Scott's brain" and that he was going to "kill that motherfucker."  He also attempted to call attention to the alleged lack of media attention to "black on white crimes" in the country.  In a message left with Scott's office, Bell stated that Scott was "content with this anti-white" messaging; that Bell was "anti-black" and believed that African-Americans "need to be fucking

2

exterminated"; and that Dylann Roof "is the greatest American hero that ever lived."

Bell was arrested by FBI agents on October 27, 2017. He eventually pleaded guilty pursuant to a plea agreement, which included a stipulation of fact stating that the government could prove Bell's conduct, including the aforementioned, beyond a reasonable doubt. The PSI called for a 24–30 month prison sentence.

At the sentencing hearing that followed, Bell conceded that he had made threats to Schumer and Scott, but argued that the content of the calls—save for the threats—was protected by the First Amendment. He explained that the content of the calls primarily featured his views on the media's alleged failure to report on white victims of crime, and that giving him a 24–30 month sentence for expressing these views was inappropriate. The government, in turn, argued that a 30-month sentence, which it was requesting, reflected separate 15-month sentences for each count, and that Bell was being punished for repeatedly harassing and threatening Scott, Schumer, and their staffers—not for expressing his beliefs about disproportionate media coverage. The district court ultimately adopted the government's recommendation, sentencing Bell to 30 months in prison. Bell objected to the procedural and substantive unreasonableness of the sentence, and

timely appealed.  On appeal, he argues that § 223(a)(1)(C), as applied to him, violates the First Amendment.

Though we would ordinarily review *de novo* the constitutionality of a challenged criminal statute, *United States v. Eckhardt*, 466 F.3d 938, 943 (11th Cir. 2006), Bell concedes that he did not raise § 223(a)(1)(C)'s constitutionality before the district court.  Accordingly, plain error review applies.[1]  *United States v. Peters*, 403 F.3d 1263, 1270 (11th Cir. 2005).

Under plain error review, we can correct an error only if there is (1) an error, (2) that is plain, and (3) that affects Bell's substantial rights.  *United States v. Williams*, 445 F.3d 1302, 1308 (11th Cir. 2006).  If those three conditions are met,

---

[1] Bell concedes that plain error review applies.  He further argues that we should reach the merits of his argument because it is "an issue of great public concern."  In *Dean Witter Reynolds, Inc. v. Fernandez*, we explained that though "an appellate court generally will not consider a legal issue or theory unless it was presented to the trial court," this was a matter of appellate discretion.  741 F.2d 355, 360 (11th Cir. 1984).  We further explained that there were five "exceptional circumstances in which it may be appropriate to exercise this discretion and deviate from this rule of practice," including the situation where the "issue presents significant questions of general impact or of great public concern."  *Id.* at 360–61.  Bell argues that this case presents such a significant question, and therefore, that we should consider the merits of his argument.

We note that Bell's argument is not entirely clear in this regard.  Though we agree that we have applied *Reynolds* in the criminal context, *see United States v. Meko*, 912 F.3d 1340, 1355 (11th Cir. 2019), whether we will *consider* an argument and whether plain error review applies are separate questions, s*ee United States v. Walker*, 59 F.3d 1196, 1198 (11th Cir. 1995).  As we explained in *Walker*, "[a]s a general rule, a party must timely object at trial to preserve an issue for appeal.  Pursuant to Federal Rule of Criminal Procedure 52(b), however, we review issues not preserved below for plain error."  *Id.* (citations omitted).  Accordingly, we are certainly able to review Bell's arguments in the present appeal, and do so, *infra*—but only for plain error.  We do not read Bell's argument as suggesting that *Reynolds* applies in such a manner so as to override our well-established plain error jurisprudence where an "issue presents significant questions of general impact or of great public concern."

then we may exercise our discretion to correct the error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* If the first two prongs of the plain error rule are satisfied, it is a criminal defendant's burden at the third prong to demonstrate that the error affected his substantial rights. *United States v. Mitchell*, 146 F.3d 1338, 1343 (11th Cir. 1998). Our power to review for plain error is "limited" and "circumscribed." *Olano*, 507 U.S. at 732. A plain error is one that is obvious and clear under current law. *Id*. at 734. An error cannot be plain if there is no precedent from the Supreme Court or our Court directly resolving the underlying issue. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

Bell's argument fails at the second prong—which requires that the error be "plain"—because it is not clear from our precedent, or the Supreme Court's precedent, that § 223(a)(1)(C) is unconstitutional. We have only considered § 223(a)(1)(C), much less its constitutionality, in one case: *Eckhardt*. There, we rejected the defendant's constitutional challenge to the law outright, holding that § 223(a)(1)(C) was neither overbroad nor constitutionally vague. 466 F.3d at 943–44.

Bell concedes that there is no Eleventh Circuit precedent that directly addresses the issue that would make his convictions plainly erroneous. While we *theoretically* left open the possibility that there could be applications of

5

§ 223(a)(1)(C) that might be unconstitutional, *see id.* at 943 (noting the Sixth Circuit "noted that while § 223(a)(1)(C) could have unconstitutional applications, that fact does not warrant facial invalidation") (citing *United States v. Bowker*, 372 F.3d 365, 380 (6th Cir. 2004)), *Eckhardt* certainly cannot be read as concluding that § 223(a)(1)(C) was unconstitutional.  Not only did we *not* reach that result, but the context was different—*Eckhardt* involved a facial challenge, not, as here, an as-applied challenge.  *See id.* at 943–44.  In the absence of controlling precedent on this issue, any alleged error by the district court was not clear under current law and, therefore, not plain.  *Lejarde-Rada*, 319 F.3d at 1291.

Moreover, even if we determined that the error Bell now identifies was "plain," he fails to meet his burden at the third prong of the plain error analysis: he fails to show that his substantial rights were affected.  He does not argue that any error committed by the district court affected his substantial rights.  Accordingly, he has abandoned the argument on appeal.  *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

For these reasons, we conclude that the district court did not plainly err.  The district court's decision is **AFFIRMED.**