**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Patrick Adim OGUERI,
Defendant-Appellant.**

**No. 85–6067
Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 3, 1986.

John M. Kiernan, Miami, Fla., for defendant-appellant.

Leon B. Kellner, U.S. Atty., William T. Shockley, Linda Collins Hertz, Nancy L. Worthington, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

HILL, Circuit Judge:

Defendant Patrick Ogueri appeals from his conviction of cocaine-related offenses, claiming that (1) his detention and search were illegal and (2) his statements should have been suppressed for being made involuntarily and without a knowing waiver of his rights.

Ogueri, a Nigerian citizen in the United States on a student visa, arrived at Miami International Airport from Bolivia on July 31, 1984. He proceeded through the customs enclosure without incident and walked to an airline counter approximately twenty yards away. While in customs, Ogueri was observed by Inspector Ellis. On the basis of his observations and experience in narcotics seizures, Ellis followed Ogueri outside the customs enclosure, approached him at the airlines counter, questioned him about his trip and finally asked him to return to the customs enclosure. There Ogueri was searched again and the

agents located 661 grams of cocaine on his person.

Ogueri was advised of his *Miranda* rights and refused to waive them. Ogueri denied initiating any conversation and making any statements. Nevertheless, Inspector Lamelas testified that Ogueri asked him for help; Lamelas responded by saying that he could only report any cooperation by the appellant to the United States Attorney. Ogueri then made certain incriminatory statements.

■ 1. The search, conducted after Ogueri had gone twenty yards beyond the customs enclosure, was valid as a search at the functional equivalent of the border. *See, e.g., United States v. Ramos,* 645 F.2d 318, 320–21 (5th Cir. Unit B 1981) (search thirty minutes after defendant left customs enclosure and checked into airport hotel but had not gone to his room). This traveler had not been assimilated into the mainstream of domestic activity; the evidence is conclusive that the contraband he was carrying had crossed the border.

■ 2. The trial judge did not err in finding that Ogueri's statements were voluntarily made after he initiated the conversation.

AFFIRMED.