[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-17075
Non-Argument Calendar

_____

D. C. Docket No. 05-00053-CR-T-30TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PRUDENCIA PORTOCABRERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 16, 2006)**

Before DUBINA, CARNES AND HULL, Circuit Judges.

PER CURIAM:

Prudencia Portocabrero appeals his 151-month sentence for possession with

the intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to United States jurisdiction, in violation of 46 U.S.C. App. § 1903(a), (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii), and conspiracy to possess with the intent to distribute 5 kilograms or more of cocaine while on board a vessel subject to United States jurisdiction, in violation of 46 U.S.C. App. § 1903(a), (g), (j) and 21 U.S.C. § 960(b)(1)(B)(ii).  We affirm.

## I.

Portocabrero contends that the district court clearly erred in denying him a minor participant role reduction.  He argues that he is entitled to that reduction for the following reasons:  he was just a mariner and was not the captain of the vessel; he did not own the drugs; and he was not involved in planning the route or the distribution of the drugs.  He also contends that the district court clearly erred when it considered the government's statements at sentencing that he trained and recruited crew members.  He argues that those statements were unsubstantiated and did not satisfy the preponderance of the evidence standard.

"[A] district court's determination of a defendant's role in the offense is a finding of fact to be reviewed only for clear error."  United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).  The proponent of the reduction bears the burden of proving the minor role in the offense by a preponderance of the

evidence.  Id. at 939.  The determination of a defendant's role in the offense "falls within the sound discretion of the trial court."  Id. at 945.  "So long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law, we believe that it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous."  Id.  The district court need not make "any specific subsidiary factual findings" in determining the defendant's role.  Id. at 939.  "So long as the district court's decision is supported by the record and the court clearly resolves any disputed factual issues, a simple statement of the district court's conclusion is sufficient."  Id.

The guidelines provide for a two-level reduction if the defendant was a minor participant.  U.S.S.G. § 3B1.2(b).  A defendant is a minor participant if he is less culpable than most other participants, but his role was not minimal.  U.S.S.G. § 3B1.2 cmt. n.5.  In determining whether a role reduction is warranted, a district court's decision "should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which she has been held accountable at sentencing, and, second, her role as compared to that of other participants in her relevant conduct."  De Varon, 175 F.3d at 940.  Under the first prong, the district court "must assess whether the defendant is a minor or

3

minimal participant in relation to the relevant conduct attributed to the defendant in calculating her base offense level." Id. at 941. Under the second prong, the court measures the defendant's culpability in comparison to that of other participants in the relevant conduct. Id. at 944.

The district court did not make any specific factfindings when it denied Portocabrero a minor participant role reduction, and as we have explained, it was not required to do so. De Varon, 175 F.3d at 939. The record demonstrates that the court did not clearly err in its decision to deny Portocabrero that reduction. During his plea proceedings, Portocabrero admitted he knew that "this was going to be a drug trip." Plea Transcript at 15. The record also shows that Portocabrero had participated in other drug smuggling trips and was one of the more experienced crewmembers on board the vessel. The large amount of cocaine involved (1,170 kilograms) is also a factor that weighs against a finding that Portocabrero was entitled to a minor role reduction. See De Varon, 175 F.3d at 942–43.

At sentencing, the government asserted that Portocabrero participated in recruiting and training other crewmembers, and he objected to that statement, arguing that there was no evidence to support it. The district court, however, did not indicate that it relied on the government's statements about training and

4

recruiting in denying Portocabrero a minor role reduction. Because undisputed facts in the record support the decision to deny that reduction, the court's simple statement of its conclusion is sufficient. See De Varon, 175 F.3d at 939. The district court did not clearly err in finding that Portocabrero failed to meet his burden of proving that he was less culpable than most other participants. See U.S.S.G. § 3B1.2 cmt. n.5.

## II.

Portocabrero contends that the district court should have awarded him a one-level reduction under U.S.S.G. § 3E1.1(b) for providing timely notice of his intention to plead guilty. He explains that any delay in making his plea occurred because he was not in good mental condition while in custody as a result of drinking too much coffee and not having any communication with his family. He argues that despite the delay, his plea still saved government resources because the government did not have to pay to bring witnesses from California for a trial. We review the findings by the district court regarding a reduction for acceptance of responsibility for clear error. United States v. Calhoon, 97 F.3d 518, 531 (11th Cir. 1996). A defendant bears the burden of establishing that he is entitled to a reduction for acceptance of responsibility. Id.

The guidelines provide for two separate reductions for acceptance of

responsibility:

> (a) If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

> (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1 (emphasis added). "Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing." Id. § 3E1.1 cmt. n.6 (emphasis added).

In the present case, the government explained at sentencing that it did not file a motion for a reduction under U.S.S.G. § 3E1.1(b) because Portocabrero was the last of the codefendants to plead guilty. Portocabrero did so only after a trial date had been set and after he had moved to continue the trial for a competency evaluation on the eve of trial. The government explained that his guilty plea did not save expenses because it still had to prepare for trial. Regardless of Portocabrero's explanation about why he waited to plead guilty, the guidelines

6

clearly state that a district court cannot grant a reduction under U.S.S.G. § 3E1.1(b) unless the government files a motion requesting it. Because the government did not file a motion here, the district court did not clearly err in refusing to grant the reduction.

### III.

Portocabrero contends that his sentence is unreasonable under United States v. Booker, 543 U.S. 220, 264, 125 S. Ct. 738, 767 (2005), because the district court did not consider his impoverished and abusive childhood and disregarded the fact that he now works to provide for his siblings, his mother, and his children. He argues that he was less culpable than his codefendants who all received lesser sentences than he did. He also argues that his sentence does not provide just punishment for the offense and notes that he was not given adequate medical attention while in jail.

We review a sentence for reasonableness in light of the § 3553(a) factors. Booker, 543 U.S. at 264, 125 S. Ct. at 767; United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). Among the factors that a district court should consider at sentencing are the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, the pertinent Sentencing Commission policy statements,

and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1)-(7). A district court is not required to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors. United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

Although we have refused to hold that a sentence within the guidelines range is per se reasonable, we have concluded that "the use of the Guidelines remains central to the sentencing process." United States v. Talley, 431 F.3d 784, 787 (11th Cir. 2005). We have also stated that "ordinarily we would expect a sentence within the Guidelines range to be reasonable." Id. at 788. As we have explained, however, that expectation "still has to be measured against the record, and the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both that record and the factors in section 3553(a)." Id. "Review for reasonableness is deferential." Id.

Portocabrero's 151-month sentence is reasonable in light of the record and the § 3553(a) factors. His sentence was at the bottom of the guidelines range and well below the statutory maximum sentence of life imprisonment. The court stated that it considered the PSI, the § 3553(a) factors, and the statements made by Portocabrero at sentencing. The 151-month sentence shows that the court considered the significant amount of drugs involved and the need to impose a

punishment that would provide adequate deterrence. The court's imposition of a sentence at the bottom of the guidelines, however, shows that it also considered Portocabrero's expression of remorse.

Portocabrero argues that the court should avoid unwarranted sentencing disparities and asserts that more culpable codefendants received lesser sentences, but the differences in the sentences may reflect the fact that Portocabrero did not receive the one-level reduction for timely notification of a guilty plea. Therefore, any sentencing disparities cannot be considered unwarranted. Furthermore, in designing the guidelines "the Sentencing Commission fully anticipated sentencing disparity between defendants involved in the same offense." United States v. Chotas, 968 F.2d 1193, 1197 (11th Cir. 1992); see also United States v. Hendrieth, 922 F.2d 748, 752 (11th Cir. 1991) (stating that "this court has rejected as 'frivolous' challenges to sentencing because a co-defendant received a less severe penalty").

Finally, Portocabrero's assertions about his lack of medical treatment in jail when his blood pressure dropped do not have any bearing on the justness or the reasonableness of his sentence. After considering the briefs and the record in light of our deferential standard of review, Talley, 431 F.3d at 788, we conclude that Portocabrero's 151-month sentence was reasonable.

9

**AFFIRMED.**