In the

# United States Court of Appeals
## For the Seventh Circuit

No. 13-1736

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MICHAEL HENDERSON,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:11-cr-00074-1 — **Samuel Der-Yeghiayan**, *Judge.*

ARGUED SEPTEMBER 24, 2013 — DECIDED DECEMBER 4, 2013

Before POSNER, TINDER, and HAMILTON, *Circuit Judges.*

TINDER, *Circuit Judge.* Michael Henderson was convicted
of possessing a firearm as a felon. The only contested issue at
trial was whether he possessed the gun; that the gun had
been in interstate commerce and Henderson's status as a fel-
on were undisputed. *See* 18 U.S.C. § 922(g)(1). This appeal
also presents a single issue: whether the district court abused
its discretion in excluding an out-of-court statement of an

unavailable declarant regarding the gun that Henderson was charged with possessing?

On August 10, 2010, at around 10:30 p.m., Henderson was driving a van accompanied by a passenger, Dexter Rogers. The van was owned by Elberto Rosado, Rogers' roommate. Chicago police officers Jason Bala and William O'Brien stopped the van for failing to signal a turn. Both officers testified that, as they approached the van, they observed the driver furtively leaning forward and moving his right hand along his waistband toward the small of his back. The officers ordered the occupants of the van to show their hands, and the occupants complied. Henderson did not have a gun in his hands. The officers ordered Henderson and Rogers out of the van and handcuffed them.

After Henderson was out of the van, Officer Bala observed the handle of a handgun extending up from between the driver's seat and seatback. (The rest of the gun was tucked in between the seat and back.) Bala alerted Officer O'Brien to the gun. O'Brien testified that he could see about two inches of the butt of the gun protruding from the seat. (At oral argument, counsel confirmed that the front seats of the van were bucket seats.) Fingerprints were found on the gun, but an analyst testified that it could not be determined whose prints they were. During a pat down of Rogers, the officers found straws containing suspected cocaine. Henderson and Rogers were arrested.

They were interviewed at the police station. Two other police officers testified that when Henderson was asked why he had the gun, he stated that he was unfamiliar with that neighborhood or gangs in the neighborhood and had the gun for protection. Henderson disputes that he made such a

statement and offered evidence that he grew up in the area and has two children who live with their mother in the area. The interview was not recorded; no written statement was taken from Henderson. Rogers was not asked about the gun found in the van but he did pull a clear, knotted plastic bag from his genital area. The bag contained smaller zip lock bags containing a white powdery substance suspected to be crack cocaine.

Rosado was interviewed by the government twice in January 2011, and then he testified before the grand jury that the gun was not his, he did not put it in the van, and he had no idea where it had come from. On March 5, 2012, one week before trial, Rosado stated for the first time to the government that he had visited Rogers in jail a few weeks after Rogers' arrest and asked him what had happened. According to Rosado, Rogers said that he just found the gun and kept it, brought it into the van, and was going to take it to the residence that he and Rosado shared. Rosado remarked that what Rogers said did not make any sense, but he didn't question Rogers about it further. Rosado had met with the defense before the March interview with the government and had never mentioned Rogers' supposed statement about the gun.

The government moved to exclude Rosado's anticipated testimony about Rogers' alleged statement as inadmissible hearsay. Henderson argued that the testimony was admissible under Rule 804(b)(3) as a statement against penal interest. (If called to testify, Rogers, a convicted felon, would plead the Fifth Amendment regarding his possession of the gun.) The district court granted the motion. The court found first that "the Statement is incredible on its face. Henderson

has not presented any reasonable explanation to show that it is plausible that Rogers found a loaded gun on the street." The court also found that "even if the Statement was made, the totality of the circumstances indicates that the Statement was made to help Henderson out." Furthermore, the court determined that Henderson had "failed to point to sufficient corroborating evidence to suggest that the Statement is trustworthy." Therefore, it concluded Henderson had not satisfied Federal Rule of Evidence 804(b)(3)'s corroboration requirement and excluded the statement. At the conclusion of the trial, the jury returned a guilty verdict. Henderson contends that the exclusion of Rosado's testimony was erroneous, thereby justifying a new trial.

We review the district court's evidentiary rulings for an abuse of discretion. *United States v. Jones*, 600 F.3d 847, 853 (7th Cir. 2010). "The district court's determination as to the trustworthiness of out-of-court statements is 'entitled to considerable deference' and should be upheld unless 'clearly erroneous.'" *Id.* (quoting *United States v. Jackson*, 540 F.3d 578, 587 (7th Cir. 2008)). Although hearsay is generally excluded from evidence, Rule 804(b)(3) authorizes its admission where (1) the declarant is unavailable as a witness, (2) the statement was against the declarant's interest when made, and (3) if the statement is offered to exculpate the defendant, "corroborating circumstances … clearly indicate its trustworthiness." Fed. R. Evid. 804(b)(3); *see also United States v. Hall*, 165 F.3d 1095, 1112 (7th Cir. 1999) ("Rule 804(b)(3) *expressly* requires the exclusion of out-of-court statements offered to exculpate the accused unless there are corroborating circumstances that 'clearly indicate' the trustworthiness of the statement"). The rule's corroboration requirement reflects "a long-standing concern … that a criminal defendant

might get a pal to confess to the crime the defendant was accused of, the pal figuring that the probability of his actually being prosecuted either for the crime or for perjury was slight." *United States v. Silverstein*, 732 F.2d 1338, 1346 (7th Cir. 1984).

Henderson contends that the district court erred in excluding Rogers' hearsay statement because corroborating circumstances clearly suggest that the statement was trustworthy. The government responds that the court properly found that Henderson offered nothing to corroborate the reliability of the statement and that the statement was incredible on its face.

Henderson's brief raises a question about Rule 804(b)(3)'s corroboration requirement. Does the rule require corroboration of the content of the hearsay statement or the fact that the statement was made, or both? The advisory committee's note instructs that "[t]he requirement of corroboration should be construed in such a manner as to effectuate its purpose of circumventing fabrication." Fed. R. Evid. 804 advisory committee's note (1972). This may seem to suggest that corroboration is required for both. *See* 5 Clifford S. Fishman & Anne T. McKenna, *Jones on Evidence* § 36:88 (7th ed. 2012). Either the fact of the statement itself or its content is susceptible to fabrication. *See Advisory Committee's Notes to Proposed Rules, Rules of Evidence for United States Courts and Magistrates*, 56 F.R.D. 183, 327 (1972) (explaining that "one senses in the decisions a distrust of evidence of confessions by third persons offered to exculpate the accused arising from suspicions of fabrication either of the fact of the making of the confession or in its contents, enhanced in either instance by the required unavailability of the declarant").

However, "[a]s a matter of standard hearsay analysis, the credibility of the in-court witness regarding the fact that the statement was made is not an appropriate inquiry." 2 K. Broun, *McCormick on Evidence* § 319 (6th ed. 2006) (footnotes omitted). "Indeed, the Advisory Committee's Note to the 2010 amendment stated that 'the credibility of the witness who relates the statement is not a proper factor for the court to consider in assessing corroborating circumstances.'" *Id.* The note explains that "[t]o base admission or exclusion of a hearsay statement on the witness's credibility would usurp the jury's role of determining the credibility of testifying witnesses." Fed. R. Evid. 804 advisory committee's note (2010). The question of whether the declarant made the statement implicates the testifying witness's credibility; making credibility determinations is a role reserved to the jury.

We have stated that "Rule 804(b)(3) does not require that the statements themselves be clearly corroborated." *United States v. Garcia*, 986 F.2d 1135, 1141 (7th Cir. 1993). The rule requires only that corroborating circumstances clearly indicate the trustworthiness of the statement. *Id.* "[T]he corroboration requirement … is a preliminary question as to the admissibility of evidence." *Id.* The district judge need not be "completely convinced" of the truth of the statement for the statement to be admissible. *Id.*

It has been observed that:

> In the law of evidence, corroboration of testimony just means that there is some evidence besides the testimony itself to indicate that the testimony is trustworthy—not that it is necessarily true, but (when it is a hearsay statement)

> that it is sufficiently worthy of belief to have value as evidence despite the impossibility of subjecting the declarant to the fires of cross-examination. For the corroboration to "clearly" indicate the trustworthiness (though, again, not necessarily the truth) of the out-of-court statement requires a more probing inquiry, for example into the motive of the declarant to lie.

*United States v. Amerson*, 185 F.3d 676, 691 (7th Cir. 1999) (Posner, J., dissenting) (citations omitted). Corroboration may be supplied by independent evidence supporting the statement itself, or by the circumstances in which the statement was made suggesting that the statement is trustworthy, or both. *See, e.g.*, *United States v. Butler*, 71 F.3d 243, 253 (7th Cir. 1995) (considering whether there was "direct evidence which corroborates [the declarant's] exculpatory comments" and then considering whether "the circumstances surrounding [the declarant's] statement … buttress[ed] its trustworthiness"); 5 Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence*, § 8:131 (3d ed. 2007) ("Certainly the [corroboration] requirement is satisfied by independent evidence that directly or circumstantially tends to prove the points for which the statement is offered."). Thus, although not required, corroboration of the content of the hearsay statement may indicate that the statement is trustworthy. *See* Michael H. Graham, 7 *Handbook of Federal Evidence* § 804:3 (7th ed. 2012) (collecting cases).

Henderson has not satisfied Rule 804(b)(3)'s corroboration requirement. First, as the district court found, Rogers' statement that he found a loaded gun somewhere is implausible. A court can consider the statement itself in determin-

ing whether it is sufficiently worthy of belief. *See Handbook of Federal Evidence* § 804:3 ("The information within the statement itself may also be considered as an element of corroboration. Is the statement so contradictory as to be not creditable?") (quotation marks omitted). "[S]pecious assertions … lack corroboration and should be excluded. On the other hand, if a declarant is tied to the time and place of the crime and the statement has substantial plausibility, the corroboration requirement has been met." *Id.* (quotation marks omitted). Rogers was in the van when the gun was discovered, which ties him to the time and place of the crime. Nonetheless, his claim to have found the loaded gun somewhere lacks substantial plausibility. The implausibility of Rogers' statement is buttressed by the evidence of where the officers found the gun—wedged in the driver's (Henderson's) seat. It would make little sense for Rogers, the passenger, to place the gun there, as opposed to another, more accessible location in the van, if he intended to take it home. Moreover, Rogers' statement was utterly lacking in factual detail: He did not state where he found the gun or when he found it; nor did he identify the type of gun he found. This lack of detail suggests that Rogers was fabricating. *See, e.g.*, *Long-Gang Lin v. Holder*, 630 F.3d 536, 543 (7th Cir. 2010) ("A lack of detail is a 'major clue' that someone is lying."); Jean R. Sternlight & Jennifer Robbennolt, "Good Lawyers Should Be Good Psychologists: Insights for Interviewing and Counseling Clients," 23 *Ohio St. J. on Disp. Resol.* 437, 488 (2008) ("Liars tend to offer fewer details [than truth tellers]").

In addition, there is no independent evidence to corroborate the content of Rogers' statement. No fingerprint evidence was offered to show that Rogers had handled the gun.

And Henderson presented no testimony from any witness who was with Rogers when he allegedly found the gun. Nor was there any testimony that anyone had seen Rogers with the gun. There was no evidence that Rogers repeated his statement about finding the gun to anyone other than Rosado. Such evidence could buttress the statement's reliability. We recognize that Henderson is not required to provide corroborating evidence of the information in Rogers' statement; however, the lack of such evidence is a circumstance the district court could consider in determining whether the statement was sufficiently trustworthy as to be admissible.

Henderson argues that application of the factors identified in *United States v. Jackson* for consideration when determining whether corroborating circumstances exist suggests that testimony about Rogers' statement was admissible. Even if a few of the factors lend some corroboration to Rogers' statement—Rogers' statement was voluntary, not calculated to curry favor with authorities; and there is no evidence that Rogers gave conflicting statements, *see* 540 F.3d at 589–90, the district court determined that another one of the factors cut the other way: namely, the relationship between the declarant (Rogers) and the exculpated party (Henderson). Henderson challenges the court's determination that the totality of the circumstances suggested Rogers made the statement to "help Henderson out." He argues that at the time of the statement—weeks after he and Rogers were arrested—Rogers had no idea whether Henderson would be charged with possessing a firearm as a felon. Yet Henderson acknowledges that he and Rogers were friends; Rogers could have known that Henderson was a convicted felon. And Rogers, also a convicted felon, would have known that a felon's possession of a firearm is a crime. Thus, there is reason

to believe that Rogers might think Henderson would be charged with possessing the firearm found wedged between the seat and back of the seat in which Henderson was sitting when it was found by law enforcement.

This conclusion is buttressed by the officers' testimony that they observed the driver's furtive movements of leaning forward and moving his right hand along his waistband toward the small of his back. This testimony raises the inference that Henderson was attempting to conceal the gun from the officers. Common sense suggests that he was attempting to conceal the gun because he had something to hide. Because Rogers was right there in the passenger seat, he too should have been aware of Henderson's movements and attempted concealment that suggested a motive to hide the gun from law enforcement. Therefore, we find no clear error in the district court's determination that the totality of the circumstances suggest that Rogers made the statement to help Henderson out.

*United States v. Hatfield*, 591 F.3d 945 (7th Cir. 2010), on which Henderson relies, does not support admissibility in this case. In *Hatfield*, the defendants attempted to introduce the hearsay statements of a man who claimed that he and three other people had committed one of the pharmacy burglaries of which the defendants were charged. There was no suggestion that the declarant knew any of the defendants. The declarant's statement was corroborated by the fact that he had called 911 while the burglary was in progress and in his initial statement to police, he had said that someone broke into the pharmacy by shattering the glass on the front door; this was evidence that the declarant was present at the burglary. *Id.* at 953. We concluded that the hearsay statement

was sufficiently trustworthy and should have been admitted. *Id.*

In contrast, Rogers and Henderson are friends and Henderson has offered next to nothing to corroborate Rogers' statement that he found the gun somewhere, brought it into the van, and intended to take it home. Although Rogers was traveling in the van with Henderson, that fact is merely consistent with rather than clearly corroborative of his statement. *See Butler*, 71 F.3d at 253 (concluding that fact the declarant was in the room where guns were found did not corroborate exculpatory parts of declarant's statement that the defendant was not in the room and that the police planted the guns); *Silverstein*, 732 F.2d at 1347 (concluding that mere opportunity and ability to commit murder to which declarant confessed was not clearly corroborative of confession "but merely consistent with it" where statement did not contain facts that only the murderer could have known and where there was no other evidence linking declarant to the crime). Henderson takes certain language from *United States v. Garcia*, 897 F.2d 1413 (7th Cir. 1990), out of context. Contrary to his assertion, it is not enough for him to show "*some* corroborative evidence," *id.* at 1421, of Rogers' statement; he is required to show "that corroborating circumstances *clearly indicate* the trustworthiness of [the statement," *id.* at 1420 (emphasis added). He has not satisfied this requirement.

Therefore, the district court did not commit clear error in determining that Henderson failed to point to corroborating circumstances that clearly indicate Rogers' hearsay statement was trustworthy. Accordingly, the court did not abuse its discretion in excluding that statement.

The district court's judgment is AFFIRMED.