FILED
United States Court of Appeals
Tenth Circuit

November 21, 2023

Christopher M. Wolpert
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellant,

v.

STACEY YELLOWHORSE,

Defendant - Appellee.

No. 23-2011

_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. 1:20-CR-01566-DHU-2)**

_____

Emil John Kiehne, Assistant United States Attorney, Office of the United States Attorney, District of New Mexico, Albuquerque, New Mexico (Alexander M.M. Uballez, United States Attorney, with him on the briefs), for Plaintiff-Appellant.

Carey C. Bhalla, Rothstein Donatelli, Albuquerque, New Mexico, for Defendant-Appellee.

_____

Before **HOLMES**, **BACHARACH**, and **EID**, Circuit Judges.

_____

**BACHARACH**, Circuit Judge.

_____

Although hearsay is generally inadmissible, an exception exists for statements that are self-inculpatory. Fed. R. Evid. 802, 804(b)(3). But how

do we apply this exception when a statement incriminates not only the declarant but also a third-party? The district court answered this question by treating any references to a third-party's participation in the crime as outside the exception. In our view, the district court's approach contradicts our precedent.

**1.      Mr. Chischilly confessed to his family that he and Ms. Yellowhorse had killed a woman.**

The issue arose when Mr. Timothy Chischilly gathered five relatives to get something "off his chest." Appellant's App'x vol. II, at 173. To the shock of the relatives, Mr. Chischilly confessed that he and his girlfriend, Ms. Yellowhorse, had killed a woman.

The relatives told law enforcement about Mr. Chischilly's confession, and the accounts were largely consistent. They said that Mr. Chischilly had admitted that

- he held the woman down while Ms. Yellowhorse bludgeoned the woman with a sledgehammer or mallet and

- he and Ms. Yellowhorse pinned the woman down with nails and a hammer.

Mr. Chischilly added that after the killing, he and Ms. Yellowhorse burned the body.

Authorities later found parts of the woman's skeletal remains "charred and fragmented" in various locations, including a fire pit next to Mr. Chischilly's house. Appellant's App'x vol. III, at 426, 428, 433.

According to a forensic report, two nails lay close to the woman's remains and matched a hole in her skull. But most of her facial bones were missing.

## 2. The government seeks to use Mr. Chischilly's statements in Ms. Yellowhorse's trial.

Despite confessing to the murder, Mr. Chischilly pleaded not guilty. That plea led the district court to set Mr. Chischilly's trial after Ms. Yellowhorse's.

At Ms. Yellowhorse's upcoming trial, the government wants Mr. Chischilly to testify about what he told his relatives. Because his statements were self-incriminating, however, the government expects Mr. Chischilly to invoke the Fifth Amendment if he is called as a witness. So the government asked the district court to allow the relatives to testify at Ms. Yellowhorse's trial about three of Mr. Chischilly's statements:

1. He and Ms. Yellowhorse killed the woman.

2. Ms. Yellowhorse used a sledgehammer or mallet to bludgeon the woman.

3. Mr. Chischilly and Ms. Yellowhorse burned the body after the killing.

## 3. The hearsay exception applies only if Mr. Chischilly's statements harmed his penal interest and had corroboration.

Mr. Chischilly made his admissions outside of court, and the government wants to use them for the truth of the matters asserted (that Mr. Chischilly and Ms. Yellowhorse killed the woman and burned the body). So Mr. Chischilly's statements to his relatives would ordinarily

3

constitute inadmissible hearsay. *See* Fed. R. Evid. 801(c) (defining *hearsay*); Fed. R. Evid. 802 (stating that hearsay is inadmissible in the absence of an exception).

An exception exists when declarants make out-of-court statements that harm their own penal interests. Fed. R. Evid. 804(b)(3). This hearsay exception "is founded on the commonsense notion that reasonable people, even reasonable people who are not especially honest, tend not to make self-inculpatory statements unless they believe them to be true." *Williamson v. United States*, 512 U.S. 594, 599 (1994).

The party seeking introduction of a self-inculpatory, out-of-court statement must establish three elements:

1. The declarant is unavailable.

2. The statement is against the declarant's penal interest.

3. Corroborating circumstances sufficiently and clearly indicate the trustworthiness of the statement.

*United States v. Lozado*, 776 F.3d 1119, 1122 (10th Cir. 2015).

**4.    The district court excludes parts of Mr. Chischilly's statements because they referred to Ms. Yellowhorse.**

The district court found unavailability[1] and corroboration. But the district court concluded that the statements about Ms. Yellowhorse's

---

[1]    The district court found unavailability based on an expectation that Mr. Chischilly would avoid incriminating himself by refusing to testify. Ms. Yellowhorse argues that the government could force Mr. Chischilly to

participation would not have harmed Mr. Chischilly's penal interest. Based on this conclusion, the court paraphrased the relatives' expected testimony and struck through the inadmissible parts:

1. Mr. Chischilly's statement that he ~~and Ms. Yellowhorse~~ killed the woman,

2. ~~Mr. Chischilly's statement that Ms. Yellowhorse used a sledgehammer or mallet to bludgeon the woman~~, and

3. Mr. Chischilly's statement that he ~~and Ms. Yellowhorse~~ burned the body after the fact.[2]

Appellant's App'x vol. I, at 142.

The government argues that the district court applied the wrong test by assuming that Mr. Chischilly's statements about Ms. Yellowhorse's involvement were not self-inculpatory. Ms. Yellowhorse disagrees, adding that the excluded parts were also inadmissible because the court shouldn't have found corroboration.

---

testify by offering use immunity. But Ms. Yellowhorse doesn't question Mr. Chischilly's unavailability. So we need not address Ms. Yellowhorse's argument that the government could offer use immunity to Mr. Chischilly. *Cf. United States v. Lang*, 589 F.2d 92, 95–97 (2d Cir. 1978) (stating that a declarant was unavailable under Rule 804(b)(3) even if the government could have offered use immunity).

[2] The district court allowed the government to use two other types of statements that Mr. Chischilly had made: (1) that he held the woman down and (2) that he used a hammer and nail to pin the woman down. The parties don't address the admissibility of these statements.

**5.    The district court applied the wrong test by treating anything about Ms. Yellowhorse's involvement as outside the hearsay exception.**

In addressing the government's challenge, we consider whether the district court abused its discretion. *United States v. Smalls*, 605 F.3d 765, 767 (10th Cir. 2010). A district court abuses its discretion by making an error of law. *Id.* at 773.

**A.    Statements incriminating someone else may be self-inculpatory.**

Under the hearsay exception, the court considers whether the statement inculpates the declarant. *Williamson v. United States*, 512 U.S. 594, 599 (1994). To determine whether the statement is self-inculpatory, the court must view the context. *Id.* at 603. For example, the court might decline to apply the hearsay exception when the declarant deflects responsibility by shifting the blame to a third-party. *Id.* at 604. But a statement might be self-inculpatory when the declarant admits guilt while implicating someone else in the crime. *See id.* at 606 (Scalia, J., concurring) ("A declarant's statement is not magically transformed from a statement against penal interest into one that is inadmissible merely because the declarant names another person or implicates a possible codefendant."), quoted with approval in *United States v. Smalls*, 605 F.3d 765, 782 (10th Cir. 2010); *see also Williamson*, 512 U.S. at 603 (majority

6

op.) (illustrating the potential applicability of the hearsay exception to a statement that implicates a third-party).

We addressed this issue in *United States v. Smalls*, concluding that out-of-court statements could be self-inculpatory even though they implicated a third-party. 605 F.3d 765, 785–86 (10th Cir. 2010). There the declarant was a prisoner who admitted that he, the defendant, and another prisoner had participated in the strangulation of another prisoner. *Id.* at 768–69. While admitting his participation, the declarant said that he and the defendant had held the victim down while the third prisoner suffocated the victim with a plastic bag. *Id.* at 769. We characterized the declarant's statements as self-inculpatory even though they had implicated someone else. *Id.* at 782–86. We noted that the declarant was talking to a fellow prisoner, not a law-enforcement official. *Id.* at 768–72. So we reasoned that the declarant was likely not trying to "curry favor with authorities . . . or seeking to shift or spread blame to his alleged co-conspirators so as to engender more favorable treatment from authorities." *Id.* at 783.

**B.    The district court erred by excluding statements just because they had incriminated Ms. Yellowhorse.**

The statements by the declarant in *Smalls* resemble the statements by Mr. Chischilly:

1.    There the declarant made the statements to a fellow prisoner, not a law-enforcement officer. 605 F.3d 765, 768–72 (10th Cir.

2010). Mr. Chischilly similarly made the reported statements to his relatives rather than to law enforcement.

2.      In *Smalls*, the declarant said: "We killed [the victim]." *Id.* at 784. Mr. Chischilly's relatives similarly said that he had confessed to his role with Ms. Yellowhorse in killing the woman and burning her body.

3.      In *Smalls*, the declarant stated that he and another individual had held the victim while someone else put a bag over the victim's head. *Id.* at 785. Mr. Chischilly's relatives similarly said that he had confessed to pinning the woman so that Ms. Yellowhorse could use a sledgehammer or mallet to inflict the beating. *See* pp. 2–3, above.

Despite the similarities with *Smalls*, the district court excluded everything that Mr. Chischilly had said about Ms. Yellowhorse's involvement. Under *Smalls*, however, the court needed to analyze the content and context of each statement to determine whether it was self-inculpatory. *Smalls*, 605 F.3d at 780–87. The statement might not be self-inculpatory if the declarant had been trying to shift blame. But the district court treated anything about Ms. Yellowhorse's involvement as outside the hearsay exception. This approach cannot be squared with *Smalls*.

Ms. Yellowhorse argues that the district court properly parsed Mr. Chischilly's statements during the oral argument. There the district court expressed concern that Mr. Chischilly's statements harmed not only his interests, but also Ms. Yellowhorse's. Appellant's App'x vol. I, at 95. After expressing this concern, the court took the matter under advisement. *Id.* at 110. The court later issued a written order, categorically regarding

any statement about Ms. Yellowhorse's involvement as outside the hearsay exception: "Therefore, the Government may not offer into evidence the portions of Chischilly's statements to his family members that are non-self-inculpatory in that they refer to Yellowhorse's alleged participation in the charged crime." *Id.* at 137–38. Given the written explanation for the decision, we have little basis to speculate about what the district court might have thought during the oral argument. *See SEC v. Lincoln Thrift Ass'n*, 557 F.2d 1274, 1278 n.2 (9th Cir. 1977) (stating that the court of appeals should rely on the district court's written order rather than draw inferences from the district court's comments at an earlier hearing). That written explanation erred by straying from the approach we had required in *Smalls*.

**6.     The district court did not clearly err when it found corroboration.**

Even when an out-of-court statement is self-inculpatory, the hearsay exception applies only when "corroborating circumstances . . . clearly indicate . . . trustworthiness." Fed. R. Evid. 804(b)(3)(B). The district court found corroborating circumstances, but excluded parts of Mr. Chischilly's statements on other grounds. Ms. Yellowhorse urges us to affirm even if the district court had otherwise erred, arguing that the district court shouldn't have found corroboration.

9

**A.** **We apply the clear-error standard when reviewing the district court's finding on corroboration.**

Though Ms. Yellowhorse is the appellee, she's the challenger with respect to the finding on corroboration. To decide her challenge, we must apply the standard of review. "[W]hile the ultimate issue of the admission or exclusion of evidence is reviewed for an abuse of discretion, preliminary foundational determinations . . . are factual findings, reviewed for clear error." *United States v. Alcorta*, 853 F.3d 1123, 1137–38 (10th Cir. 2017) (internal quotation marks omitted).

The foundational determination here involves corroboration, which is primarily a factual question. In similar circumstances, other courts of appeals have thus applied the clear-error standard when reviewing findings on corroboration. *E.g.*, *United States v. Bagley*, 537 F.2d 162, 165 (5th Cir. 1976) (applying the clear-error standard in reviewing a district court's assessment of the trustworthiness of a statement); *United States v. Price*, 134 F.3d 340, 348 (6th Cir. 1998) ("[A] trial court's determination of the trustworthiness of an out-of-court statement should be upheld unless the finding is clearly erroneous."); *United States v. Henderson*, 736 F.3d 1128, 1130 (7th Cir. 2013) (stating that determinations of trustworthiness, for purposes of the hearsay exception, are reviewable for clear error); *United States v. Cole*, 525 F.3d 656, 660 (8th Cir. 2008) ("Whether the corroborating circumstances clearly indicate the trustworthiness of the

statement is a question of fact reviewed for clear error."); *United States v. Hendrieth*, 922 F.2d 748, 750 (11th Cir. 1991) (per curiam) (reviewing a finding on corroboration under the clear-error standard). We will do the same given the factual nature of a finding on corroboration.

Under the standard for clear error, we reverse only if the finding lacks "factual support in the record" or if we are "left with a definite and firm conviction that a mistake has been made." *United States v. Craine*, 995 F.3d 1139, 1157 (10th Cir. 2021). We lack such a conviction when the factfinder can choose between two permissible views of the evidence. *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

**B.    The district court didn't clearly err by finding corroboration.**

The district court found corroboration based on the forensic report, the existence of a family connection between Mr. Chischilly and the witnesses, and the internal consistencies between the relatives' accounts of what Mr. Chischilly had said. The court's finding reflected a reasonable view of the evidence.

First, the court reasoned that the forensic report had been consistent with Mr. Chischilly's admissions that he held the woman down, used nails to keep her down, and burned the body after the killing. Ms. Yellowhorse argues that the forensic report didn't show bludgeoning of the woman's

11

head. But the forensic examiner didn't have most of the woman's facial bones.

Though the forensic examiner couldn't examine most of the facial bones, her report noted charring of the woman's skeleton and a hole in the skull. The district court could reasonably infer that

- Mr. Chischilly had created the hole by using nails to keep the woman down and

- the charring resulted when Mr. Chischilly burned the body.

Second, the district court relied on a family connection between Mr. Chischilly and the witnesses. This family connection led the district court to infer that Mr. Chischilly had likely been telling the truth.

Ms. Yellowhorse downplays the relatives' credibility. The court didn't have to credit the relatives' account. But Ms. Yellowhorse doesn't say why the relatives would finger Mr. Chischilly with a fictitious confession.[3]

Third, the district court reasoned that the relatives had been consistent about what Mr. Chischilly had said. Ms. Yellowhorse doesn't question the consistency of the relatives' accounts; she instead points out that Mr. Chischilly later recanted what he had told his relatives. But the

---

[3]    In district court, Ms. Yellowhorse argued that the relatives should have known that Mr. Chischilly was capable of murder. But Ms. Yellowhorse doesn't renew this argument on appeal.

court could reasonably put greater weight on Mr. Chischilly's confession to his relatives. At the time, the relatives had little reason to suspect Mr. Chischilly. So the district court could reasonably infer that Mr. Chischilly had

- confessed solely to relieve his guilty conscience and

- recanted to soften the punishment because he was then facing a murder charge.

Because the district court acted reasonably in interpreting the record,[4] we don't regard the finding on corroboration as clearly erroneous.

## 7.    We remand for the district court to reconsider the applicability of the hearsay exception.

Because the district court applied the wrong test, we reverse the court's exclusion of any statements implicating Ms. Yellowhorse. But we must decide whether to go further.

---

[4]    The record supplies three other plausible reasons to find corroboration:

1.    Mr. Chischilly confessed not only to his relatives but also to a fellow inmate.

2.    Ms. Yellowhorse complained to Mr. Chischilly that he shouldn't have disclosed what they had done.

3.    Ms. Yellowhorse told her stepmother that she had hurt someone.

But the district court didn't rely on these reasons.

13

The government asks us to instruct the district court that all of the disputed statements fall within the hearsay exception. For this request, the government relies on the similarity of Mr. Chischilly's alleged statements to the statements that we addressed in *Smalls*. But in *Smalls*, we remanded for the district court to reconsider admissibility; we didn't decide admissibility in the first instance. *United States v. Smalls*, 605 F.3d 765, 786 (10th Cir. 2010). We take the same approach here, remanding for the district court to reconsider the admissibility of Mr. Chischilly's statements to his relatives. On remand, the district court should revisit whether Mr. Chischilly's statements were self-inculpatory even though they incriminated Ms. Yellowhorse.[5]

---

[5]     In a heading, Ms. Yellowhorse states that introduction of the disputed statements would violate her right to due process. She doesn't develop this statement into a distinct argument. *See Sierra Club v. Bostick*, 787 F.3d 1043, 1060 n.18 (10th Cir. 2015) (stating that the petitioner waived an argument by failing to develop it beyond a heading); *see also United States v. Beckstead*, 500 F.3d 1154, 1164–65 (10th Cir. 2007) (stating that two section headings, a single sentence, and two phrases don't constitute adequate development of an argument). So we don't consider Ms. Yellowhorse's undeveloped reference to due process.